UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**CHOICE GATEWAY II, LLC**, and
**SUVARNA, LLC,**

    Plaintiffs,

v.

**CIG CAPITAL, LLC,** a/k/a CIG CAP, LLC,
**CHARLES D. CAREY**, and
**JOSHUA LEU**,

    Defendants, **et al.**
_____/

Civil Action No. 1:23-cv-1361

Hon. Robert J. Jonker

Magistrate Judge Phillip J. Green

### AMENDED UNOPPOSED MOTION TO ENTER CONSENT JUDGMENT ADDRESSING THE COURT'S JUNE 24, 2025 ORDER [ECF NO. 65]

COME NOW Plaintiffs/Counter-Defendants and hereby move this Court to enter the Consent Judgment filed on June 19, 2025, as set forth below. Pursuant to Local Rule 7.1(d)(i), this motion is unopposed as evidenced by Defendants' counsels' signatures affixed to the Consent Judgment.

### INTRODUCTION

On June 12, 2025 the parties entered into a Settlement Agreement memorializing a resolution that was reached through voluntary facilitative mediation. A true and accurate copy of this Settlement Agreement is attached hereto as "Exhibit A". Generally, the Agreement provided for a settlement payment of $7.6 million (over seven (7) payments) by Defendant CIG Capital, LLC ("CIG Capital") to Plaintiffs Choice Gateway II, LLC and Suvarna, LLC ("Plaintiffs"). As security, CIG Capital also agreed to provide a Consent Judgment for the settlement amount (less any payments), plus post judgment interest, in the event it failed to timely make a payment (or cure). The Agreement also included mutual releases (which included the claims and

counterclaims in this case) *except* that the parties agreed Plaintiffs would preserve their claim under Count I of the First Amended Complaint (for breach of a prior settlement) as to Defendants Charles Carey and Joshua Leu. However, the parties agreed to submit that claim to binding arbitration.

Unfortunately, CIG Capital failed to make the first payment or cure its default. Therefore, consistent with the settlement, CIG Capital – through counsel – stipulated to entry of the Consent Judgment submitted to the Court on June 19. For the reasons provided below, Plaintiffs again respectfully request that the Court enter the stipulated Consent Judgment.

## STATEMENT OF PERTINENT FACTS

### I. Mediation

After the parties submitted a notice of selection of facilitative mediator on February 10, 2025 (selecting Mediator Lee Silver) (ECF No. 60, PageID.662-663), this Court entered an Order confirming the same on February 13, 2025. (ECF No. 61, PageID.665).

On March 14, 2025 the parties mediated this matter with Mr. Silver. Shortly thereafter, the parties resolved most of the case (through Mr. Silver) and consequently, Mr. Silver submitted his March 24, 2025 "report following voluntary facilitative mediation session" advising the Court (and clerk) that the "[c]ase settled in part." (ECF No. 63, PageID.668).

### II. June 12, 2025 Settlement Agreement

On June 12, 2025 the parties entered into a Confidential Settlement Agreement ("Agreement") memorializing the settlement facilitated by Mr. Silver.[1] Under the Agreement, Defendant CIG Capital agreed to pay Plaintiffs $7,600,000.00 over seven (7) payments

---

[1] Although the parties agreed to confidentiality, the Agreement contains an exception allowing for publication to enforce the Agreement. (*Id.* at § 9).

2

beginning on June 12, 2025 (with the last payment due December 20, 2026). (Agreement, § 2). In the event CIG Capital failed to timely make a payment (and cure such default within three (3) business days), CIG Capital also agreed to provide Plaintiffs with a Consent Judgment for the settlement amount (less any payments), along with post judgment interest allowed by law. (*Id*. at § 3). The parties also agreed to submit a stipulated order dismissing this case without prejudice *after* the first payment was made by CIG Capital. (*Id*. at § 4).

Under the Agreement, the parties provided mutual releases to one another, which included a release of all claims and counterclaims in this case, with two exceptions. (*Id*. at § 7). First, the parties did not release any obligations under the Agreement. (See *id*. at § 7(a)(i)). Second, Plaintiffs did not release their claim for breach of the previous Settlement Agreement as to Defendants Charles Carey and Joshua Leu (set forth in Count I of the First Amended Complaint). (*Id*. at § 7(a)(ii); see also FAC, ECF No. 31, PageID.324-326).

However, the parties agreed to submit the dispute regarding the above remaining claim (as to Mr. Carey and Mr. Leu) to binding arbitration with Lee Silver. (Agreement, § 8). (Mr. Silver agreed to act as Arbitrator and a hearing is scheduled for November 2025). If Plaintiffs prevail on that claim against Mr. Carey and/or Mr. Leu, then Mr. Carey and/or Mr. Leu (where applicable) have agreed to execute an amended Consent Judgment whereby they (or he) will also be responsible to pay the $7.6 million settlement. (*Id*.)

**III.    The Consent Judgment**

Unfortunately, CIG Capital failed to timely make the first payment under the Agreement (by June 12, 2025) or cure that default within three (3) business days (by June 16, 2025). Therefore, consistent with the Agreement, counsel for CIG Capital stipulated to entry of the Consent Judgment submitted on June 19, 2025. (Consent Judgment, ECF No. 64-1, PageID.671-

3

672). (Likewise, because the first payment was not made, no stipulated order of dismissal without prejudice was filed).

## IV. The June 24, 2025 Order

On June 24, 2025 the Court responded with its Order. (ECF No. 66, PageID.673-674). First, the Court advised that it needed to understand what was resolved and what was unresolved. As noted above, all claims and counterclaims in this matter have been resolved except for Plaintiffs' claim for breach of the previous Settlement Agreement against Defendants Carey and Leu (i.e., Count I of the First Amended Complaint). However, that claim has now been submitted to arbitration.

Next, the Court advised that it needed a factual predicate to make the required findings for entry of a Rule 54(b) Judgment. As noted above, CIG Capital agreed to provide – and honored its agreement by stipulating to – a Consent Judgment if it failed to timely make a payment, and failed to cure that default within three (3) business days (which occurred). (Agreement, § 3). Based on the parties' Agreement, and CIG Capital's stipulation to the Consent Judgment, Plaintiffs respectfully request that the Court enter the Consent Judgment submitted on June 19, 2025.

## AUTHORITY

Under Fed. R. Civ. P 54(b), "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Given that the parties agreed to resolve all claims (other than the one Count against Mr. Leu and Mr. Carey being submitted to arbitration), Plaintiffs request entry of the agreed upon Consent Judgment. (ECF No. 64-1, PageID.671-672).

4

## **CONCLUSION**

COME NOW Plaintiffs/Counter-Defendants hereby move this Court to enter the Consent Judgment filed on June 19, 2025 and attached again hereto as Exhibit "B".

Date: July 24, 2025

        Respectfully submitted,

        THOMPSON, O'BRIEN, KAPPLER & NASUTI, P.C.

        */s/ Aaron M. Kappler*
        Aaron M. Kappler (GA-272533)
        2 Sun Court, Suite 400
        Peachtree Corners, Georgia 30092
        (770) 925-0111
        akappler@tokn.com
        *Attorney for Plaintiffs/Counter-Defendants*

## **CERTIFICATE OF SERVICE**

I certify that on July 24, 2025, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

Date: July 24, 2025

        Respectfully submitted,

        THOMPSON, O'BRIEN, KAPPLER & NASUTI, P.C.

        */s/ Aaron M. Kappler*
        Aaron M. Kappler (GA-272533)
        2 Sun Court, Suite 400
        Peachtree Corners, Georgia 30092
        (770) 925-0111
        akappler@tokn.com
        *Attorney for Plaintiffs/Counter-Defendants*